UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS RAY DAVIS, JR.** | **CIVIL ACTION NO. 17-1269-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **WOODY WILSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

REPORT AND RECOMMENDATION

Dennis Ray Davis, Jr. ("Plaintiff") is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He filed a civil rights complaint against the Caddo Parish Commissioner, Woody Wilson, James R. Demouchet, Foster Campbell, Steve Prator, Philip Raberstiow, Dianne Doughty, Mike Spence, the Caddo Commissioner Office, the Sheriff Office, the Caddo Parish District Attorney, James Stewart, Mesika Creel, J. Ruffin, Cheyiel Stild, Sgt. England, Robert Wyche, Michael Exsudade, Sgt. Montoya, Roxanna Stone, Deputy Rollpolia, Chery Still, Michael Pye, Nikkiy Mandillion, John Chirldren, Sheriff Office Internal Affairs, Seanea D. Hall, and Mrs. Wanna. Plaintiff has filed numerous, confusing pleadings raising numerous, unrelated claims.

Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. §1951 form with attachments [Doc. 16]. The court will consider the motion as one for a temporary restraining order and a preliminary injunction. Plaintiff requests expedited consideration by the Louisiana First Judicial District Court of his appeal regarding the demolition and clean-up of his property.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The allegations in this motion also do not present a substantial likelihood of success on the merits. Plaintiff seeks a writ of mandamus to direct the Louisiana First Judicial Court to rule on his pending appeal of the Caddo Parish Property Standards Board decision. Mandamus relief is available "to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. However, it is well settled that federal courts have no general power to compel action by state officials. See Davis v. Lansing, 851 F.2d 72, 74

(2d Cir. 1988); Van Sickle v. Holloway, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986); Russell v. Knight, 488 F.2d 96, 97 (5th Cir. 1973); Haggard v. State of Tennessee, 421 F. 2d 1384, 1386 (6th Cir. 1970). Because the Louisiana First Judicial District Court is not a federal officer, employee or agency, this court lacks jurisdiction to issue a writ of mandamus to compel them to perform an alleged duty. See 28 U.S.C. § 1361. Thus, the issuance of such extraordinary relief is not appropriate at this time.

Accordingly;

**IT IS RECOMMENDED** that motion for temporary restraining order and preliminary injunction (Doc. 16) be **DENIED.**

## OBJECTIONS

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed.R.Civ.P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this the 23rd day of August, 2018.

_____
Mark L. Hornsby
U.S. Magistrate Judge