# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

**DENNIS RAY DAVIS, JR.**                          **CIVIL ACTION NO. 17-01269**

**VERSUS**                                         **JUDGE S. MAURICE HICKS, JR.**

**COMMISSIONER CADDO PARISH, ET AL.**              **MAGISTRATE JUDGE HORNSBY**

## MEMORANDUM ORDER

Plaintiff Dennis Ray Davis, Jr. ("Plaintiff") is incarcerated at the Caddo Correctional Center in Shreveport, Louisiana. He filed a civil rights complaint (Record Document 1) pursuant to 28 U.S.C. § 1983. Plaintiff is currently before the Court on a Motion for Emergency Review (Record Document 64). The *pro se* motion is mostly incomprehensible; however, the Court has construed Plaintiff's motion as a request for injunctive relief under Rule 65 of the Federal Rules of Civil Procedure. Particularly, it appears that Plaintiff seeks an injunction against the Caddo Parish Sheriff to stop a sheriff's sale. As grounds for this request, Plaintiff argues that he has been falsely imprisoned. See Record Document 64 at 3.

For Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow from the injunction and (4) that the injunction would not undermine the public interest. See Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements, and any failure to prove any one element will result in the denial of the motion. See Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464,

472 (5th Cir. 1985). As set forth in the current motion, the allegations do not present a substantial threat of irreparable injury absent an injunction, nor do they present a substantial likelihood of success on the merits. Therefore, Plaintiff's request for injunctive relief should be denied.

Plaintiff seems to make two additional requests. First, he asks the Court to appoint counsel to represent him in his civil action under § 1983. See Record Document 64 at 7. Since this is a civil case, there is no Constitutional right to counsel as in criminal cases. See Sanchez v. U.S. Postal Service, 785 F.2d 1236 (5th Cir. 1986). Therefore, this request should be denied. Second, Plaintiff requests that the Court order a mandatory settlement conference. See Record Document 64 at 7. Under Local Rule 16.3.1, "[w]hen the trial judge in a civil matter determines that disposition of the case may be enhanced by the use of mediation, an alternative dispute resolution, the judge may, with the prior approval of the parties or their counsel, refer the matter to a mediator of the judge's selection or to a mediator of the parties' selection." Here, the Court has not received the approval of all parties involved. Therefore, this request should also be denied.

## CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that Plaintiff's Motion for Emergency Review (Record Document 64) is hereby **DENIED**.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 14th day of June, 2019.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT