# UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF LOUISIANA

# SHREVEPORT DIVISION

| | |
|---|---|
| **DENNIS RAY DAVIS, JR.** | **CIVIL ACTION NO. 17-1269-P** |
| **VERSUS** | **CHIEF JUDGE HICKS** |
| **WOODY WILSON, ET AL.** | **MAGISTRATE JUDGE HORNSBY** |

## REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

## STATEMENT OF CLAIM

Before the court is a civil rights complaint and numerous amended complaints and filings filed in forma pauperis by pro se plaintiff Dennis Ray Davis, Jr. ("Plaintiff"), pursuant to 42 U.S.C. § 1983.[1] This complaint was received and filed in this court on October 2, 2017. Plaintiff is incarcerated at the Caldwell Correctional Center in Grayson, Louisiana. Plaintiff names Caddo Parish Commissioner Woody Wilson, James R.

---

[1] Plaintiff's allegations here are substantially similar to, and arise from the same series of events as allegations he raised in other closed and pending proceedings: Dennis Ray Davis, Jr. v. SPD, et al., 17-531(pending, Plaintiff's claims arising from his conviction and sentence for DWI fourth offense, that he was maliciously prosecuted and an illegal hold was placed on him, ineffective assistance of counsel, excessive bond, habeas corpus claims); Dennis Ray Davis, Jr. v. Robert B. Whyce, et al., No. 18-0009 (W.D. La. 2018) (dismissing, inter alia, Plaintiff's claims of false imprisonment arising from his fourth DWI offense); Dennis Ray Davis, Jr. v. Robert B. Wyche, et al., No. 17-1230 (W.D. La. 2017) (dismissing Plaintiff's claims, arising from his fourth DWI offense, that the District Attorney owed him $50,000.00, that he was falsely imprisoned, and that he was denied bond).

Demouchet, Foster Campbell, Steve Prator, Philip Raberstiow, Dianne Doughty, Mike Spence, the Caddo Commisoner Office, the Sheriff Office, the Caddo Parish District Attorney, James Stewart, Mesika Creel, J. Ruffin, Cheyiel Stild, Sgt. England, Robert Wyceh, Michael Exsudade, Sgt. Montoya, Roxanna Stone, Deputy Rollpolia, Chery Still, Michael Pye, Nikkiy Mandillion, John Chirldren, Sherrif's Office Internal Affairs, Seanea D. Hall, and Mrs. Wanna as defendants.

Plaintiff's complaint is replete with legal jargon and conclusory, disjointed assertions. He has filed numerous, vague and confusing filings in this matter. This court ordered Plaintiff to file a restated and amended complaint stating only the facts of his claims. Plaintiff's amended complaint failed to comply with the court's order and like his complaint referred to filings in other actions and legal jargon. His filings are conclusory, disjointed assertions written in stream of consciousness.

Plaintiff claims he was falsely arrested and imprisoned on August 3, 2016. He claims he was charged with attempted first degree murder and armed robbery in case #343728 and bond was set at $500,000. He claims he was not allowed to post bond because the Caddo Correctional Center jail records showed there was a hold on him. He claims there was never a hold on him, and his bonding status was incorrectly entered into the records.

Plaintiff claims he filed more than 150 grievances in the administrative remedy procedure regarding the errors in the jail records as to his bond status. He claims that because of the errors he was unable to bond out of jail.

On February 23, 2017, Judge Brady O'Callahan established that bond had been adduced in all of Petitioner's matters and revoked his probation in docket # 339,179 [Doc. 12, p. 13]. He claims he was given credit for time served.

On June 15, 2017, Plaintiff was convicted of Driving While Intoxicated-Fourth Offense. On September 28, 2017, Plaintiff was sentenced to 23 years imprisonment at hard labor. Plaintiff claims his conviction and sentence are illegal because his motion to quash his prior guilty pleas filed on April 13, 2015 was granted on May 5, 2016. He claims his DWI Fourth conviction was illegal because of double jeopardy. He claims District Attorney James Stewart withheld exculpatory evidence of DWI Second Offense in case #329219 in order to justify his incarceration since August 3, 2016. He claims the Caddo District Attorney Office knowingly offered false and misleading reports of Detective Mayfield.

Plaintiff claims he was unable to hire the counsel of his choice because of his false imprisonment and involuntary slavery and he received ineffective assistance of counsel. He claims his appointed attorney Carlos Prudhomme and the Public Defender Board did not investigate the errors of Caddo Correctional Center regarding the hold on him. He claims his attorney failed to file a motion to suppress. He claims his attorney did not meet with him at the jail. He claims his attorney had no strategy during the trial and sentencing phases of his criminal proceedings. Plaintiff claims his attorney filed a motion for a sanity evaluation because he did not believe he had the mental capacity at the time of the offense

and to understand the proceedings. He claims this motion was harmful and showed bias and prejudice.

Plaintiff claims Warden Wyche, Clerk of Court Mike Spence, and Dianne Doughty failed to report corrected information to the District Attorney Office and the Department of Motor Vehicles.

Plaintiff claims Sgt. Childress ordered him to two days segregation for disciplinary reasons starting on October 3, 2017 and ending on October 5, 2017. He was charged with disobeying written or verbal orders from staff and found guilty. He claims Sgt. England and Warden Wyche failed to investigate his grievance.

Plaintiff claims Micheal Exscude and Micheal Pye refused to allow him to make a formal police report regarding damage to his properties and stolen equipment and truck.

Plaintiff claims his character was defamed. He claims he suffered extreme embarrassment, humiliation, loss of family reputation, mental anguish, emotional distress, loss of love, affection, and loss of income. He claims the local media was the illegal forum for the Caddo Sheriff's Department in case #33179. He claims there was a news article dated March 2, 2016 entitled "Contractor takes advantage of the elderly." He claims this news story was a lie.

Plaintiff claims appointed attorney Michael Enright provided him with ineffective assistance of counsel in criminal case #342728 regarding the charges of attempted first degree murder and armed robbery. He claims the Public Defender's Office is working against him. He claims the Public Defender's Office is part of the Caddo District

Attorney's Office and the Judiciary. He claims Enright failed to file pretrial motions and apply meaningful trial strategies. He claims Enright failed to challenge the eyewitness testimony. He claims Enright failed to mitigate the evidence of the psychiatrist reports. Plaintiff Judge O'Callahan denied him the right to speak in court.

Accordingly, Plaintiff seeks a default judgment, a change of venue, monetary and punitive damages, dismissal of attempted first degree murder and armed robbery charges, transfer of criminal #33179 to civil court, and his release from incarceration.

## LAW AND ANALYSIS

**Bond Denial and Wrongful Incarceration**

Plaintiff claims he was falsely arrested and imprisoned on August 3, 2016 for attempted first degree murder and armed robbery and denied bond because of a hold. He claims there was no hold on him. Plaintiff has no absolute constitutional right to bail. See Broussard v. Par. of Orleans, 318 F.3d 644, 651 (5th Cir. 2003); United States v. Torres, 566 F. Supp. 2d 591, 600 (W.D. Tex. 2008). Furthermore, to the extent Plaintiff seeks release from custody, his claim should be dismissed. Release from custody is not available through a civil rights action. See Davis v. Wyche, 5:17-CV-1230; Calderon v. Ashmus, 523 U.S. 740, 747 (1998) (any claim attacking the validity or duration of confinement must be raised in a habeas corpus petition); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).

Accordingly, Plaintiff's civil rights claims regarding his bond should be dismissed as frivolous and for failure to state a claim on which relief can be granted.

**Heck**

Plaintiff claims he was wrongly convicted and sentenced for DWI fourth offense in case number 341453 because of the actions of Defendants. He also claims he was wrongly convicted of armed robbery and attempted first degree murder. He claims his probation was revoked. Plaintiff is seeking monetary damages for allegedly unconstitutional convictions and sentences. The United States Supreme Court held that in order to recover monetary compensation for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. The holding in Heck has been extended to parole and probation revocation proceedings. Littles v. Bd. of Pardons and Paroles Div., 68 F.3d 122, 123 (5th Cir. 1995); Jackson v. Vannoy, 49 F.3d 175, 177 (5th Cir. 1995); see also Cougle v. County of DeSoto, 303 Fed.Appx. 164, 165 (5th Cir. 2008). When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires

dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove his conviction and/or sentence and/or revocation have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his conviction and/or sentence and/or revocation have been invalidated.

**Disciplinary Conviction and Sentence**

Plaintiff claims he was sentenced to two day segregation for disciplinary reason. He claims Sgt. England and Warden Wyche failed to investigate his grievance. Plaintiff is seeking monetary damages for an allegedly unconstitutional disciplinary board conviction and sentence. As previously stated, the United States Supreme Court held that in order to recover damages for an allegedly unconstitutional conviction or sentence or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," a prisoner must show that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas." Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 2372 (1994). Heck involved a civil rights claim brought by a state prisoner. The Court dismissed the Section 1983 suit until plaintiff could demonstrate that his conviction or sentence had been invalidated. In

Edwards v. Balisok, 520 U.S. 641, 117 S.Ct. 1584 (1997), the Supreme Court approved the application of the Heck doctrine to prison disciplinary proceedings.

When a claim comes within the parameters of the Heck teachings, it is not cognizable under 42 U.S.C. § 1983 so long as the validity of the conviction or sentence has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Plaintiff is seeking monetary damages for civil rights violations under Section 1983; therefore, he must prove that his disciplinary board conviction and/or sentence have been invalidated. He has not met this precondition and his complaint must be dismissed until such time that he can demonstrate that his disciplinary board conviction and/or sentence have been invalidated.

**Ineffective Assistance of Counsel**

Plaintiff claims he received ineffective assistance of counsel. He claims Carlos Prudhomme and the Public Defender Board failed to investigate the hold on him. He claims Prudhomme failed to file a motion to suppress. He claims Prudhomme failed to meet him at the jail. He claims Prudhomme had no trial or sentencing strategy. He claims Prudhomme filed a motion for a sanity hearing which was harmful and showed bias and prejudice.

Plaintiff claims Michael Enright provided him ineffective assistance of counsel in his criminal proceedings for the charges of attempted first degree murder and armed

robbery. He claims the Public Defender Office is working against him. He mistakenly claims the Public Defender Office is part of the District Attorney's Office and the Judiciary. He claims Enright failed to file pretrial motions and apply meaningful trial strategies. He claims Enright failed to challenge the eyewitness testimony and mitigate the evidence of the psychiatrist reports.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct complained of was committed by a person acting under color of state law. Neither privately obtained nor court appointed defense attorneys act under color of state law for purposes of Section 1983.

Both a retained and a court appointed attorney serve their client, the accused; they do not serve the state. They serve a private function for their client that follows from the very nature of the attorney-client relationship and for which no state office or authority are needed. Hence, neither a retained nor a court appointed attorney acts under color of state law and cannot be held liable under Section 1983. See Polk County v. Dodson, 454 U.S. 312 (1981); Ellison v. DeLa Rosa, 685 F.2d 959, 960 (5th Cir. 1982) (citing Polk County, supra); United States ex rel. Simmons v. Zibilich, 542 F.2d 259, 261 (5th Cir. 1976); Nelson v. Stratton, 469 F.2d 1155 (5th Cir. 1972); Richardson v. Fleming, 651 F.2d 366 (5th Cir. 1981); Mills v. Criminal District Court #3, 837 F.2d 677 (5th Cir. 1988)(citing Nelson, supra).

Accordingly, Plaintiff's civil rights claims against Carlos Prudhomme, the Public Defender Board, and Michael Enright should be dismissed as frivolous.

**State Actors – Local Media**

Plaintiff claims the local media was the illegal forum for the Caddo Parish Sheriff's Department. He claims the stories about him in the local media were false, specifically regarding docket #33179. He claims the false stories defamed his character and caused him to suffer extreme embarrassment, humiliation, loss of family reputation, mental anguish, emotional distress, loss of love, affection, and income. He does not name the media outlets as defendants, but he does raise claims against them in his complaint.

Section 1983 prescribes redress for conduct by any person who, under color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. See 42 U.S.C. § 1983. A plaintiff in a civil rights suit must show that the conduct of which he is complaining was committed by a person acting under color of state law. "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful[.]" Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (internal quotation marks and quoted sources omitted).

The local media of which Plaintiff complains are manifestly, private citizens/entities, and Plaintiff does not offer any plausible allegations to establish that they acted under color of state law. See Lavergne v. Turk, 583 F. App'x 367, 368 (5th Cir. 2014) (observing that Independent Media group was a private citizen); Bui Phu Xuan v. Fort

Worth Star Telegram, 277 F. App'x 452, 454 (5th Cir. 2008) (observing that the Star-Telegram, which allegedly published two libelous articles about the appellant, was a private party). Plaintiff makes no allegations that the local media conspired or acted in concert with state actors.

Accordingly, Plaintiff's civil rights claims against the local media be dismissed as frivolous and for failure to state a claim on which relief can be granted.

**Judge Brady O'Callahan**

Plaintiff claims Judge O'Callahan did not allow him to speak in court. Plaintiff cannot allege claims against Judge Brady O'Callahan. It is well established that judges enjoy absolute immunity from liability for damages arising out of performance of their judicial duties, regardless of bad faith. Pierson v. Ray, 386 U.S. 547, 87 S.Ct. 1213 (1967); Stump v. Sparkman, 435 U.S. 349, 98 S.Ct. 1099 (1978). Acts are judicial in nature if they are (1) normal judicial functions (2) that occurred in the judge's court or chambers and were (3) centered around a case pending before a judge. Brewster v. Blackwell, 692 F.2d 387, 396-97 (5th Cir. 1982). The conduct challenged by Plaintiff unequivocally falls within the judge's authority as judicial officer of the court and in the ordinary exercise of judicial duties.

Accordingly, Plaintiff's civil rights claims against Judge Brady O'Callahan should be dismissed with prejudice as frivolous.

**District Attorney James Stewart and Assistant DA Mekesha Smith Creal**

Plaintiff claims District Attorney James Stewart withheld exculpatory evidence of DWI Second Offense. He claims the District Attorney's Office offered false and misleading reports of Detective Mayfield. Prosecutors have absolute immunity when acting in a quasi-judicial mode. Imbler v. Pachtman, 424 U.S. 409, 106 S.Ct. 984, 47 L.Ed.2d 128 (1976); Geter v. Fortenberry, 849 F.2d 1550 (5th Cir. 1988). The Fifth Circuit has repeatedly recognized the purpose of the immunity defense is to protect public officials from undue interference with their duties and from disabling threats of liability. Geter, 849 F.2d at 1552. Absolute immunity is immunity from suit rather than from liability. Elliot v. Perez, 751 F.2d 1472 (5th Cir. 1985). The Fifth Circuit "has likewise accepted the premise that the protected official should be sheltered from trial and pre-trial preparation as well as liability." Id. at 1478.

The conduct challenged unequivocally falls within the authority of the District Attorney James Stewart and Assistant District Attorney Mekesha Smith Creal, as quasi-judicial officers of the court and in the ordinary exercise of their quasi-judicial duties.

Accordingly, Plaintiff's civil rights claims against the Caddo Parish District Attorney James Stewart and Assistant District Attorney Mekesha Smith Creal should be dismissed with prejudice as frivolous.

**Clerk of Court Mike Spence, Dianne Doughty, and Warden Wyche**

Plaintiff claims Mike Spence, Dianne Doughty, and Warden Wyche failed to report corrected information to the District Attorney Office and the Department of Motor Vehicles.

A Section 1983 plaintiff has long been required to plead his case with "factual detail and particularity," not mere conclusory allegations. Elliot v. Perez, 751 F.2d 1472, 1473 (5th Cir. 1985); Hale v. Harney, 786 F.2d 688 (5th Cir. 1986). The Supreme Court has abolished this heightened pleading standard for claims against municipalities, Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 113 S.Ct. 1160 (1993), but the requirement remains firmly in place for claims against individual public officials. See Schultea v. Wood, 47 F.3d 1427 (5th Cir.1995) (en banc).

In this case, Plaintiff has named individuals as defendants and is therefore required to give factual details regarding his alleged constitutional rights violations. Plaintiff has failed to do so even after amending his complaint.

As such, Plaintiff's civil rights complaint against Clerk of Court Mike Spence, Dianne Doughty and Warden Wyche should be dismissed as frivolous.

**Police Report**

Plaintiff claims he was denied the right to make a formal police report regarding damage to his properties and stolen equipment and truck. Plaintiff in incorrect that he has a right to make a formal police report. Furthermore, the lack of a police report does not preclude Plaintiff from filing a civil action regarding the damage to his properties and stolen equipment and truck.

The due process clause of the Fourteenth Amendment affords protection against government officials depriving a person of her life, liberty, or property. But it generally does not guarantee that the government will protect citizens from each other. Whitley v.

Hanna, 726 F.3d 631, 651 (5th Cir. 2013), citing Town of Castle Rock v. Gonzales, 125 S.Ct. 2796 (2005), and DeShaney v. Winnebago County Department of Social Services, 109 S.Ct. 998 (1989). Accordingly, courts have recognized that the "victim of a crime has no constitutionally protected interest in the prosecution or pursuit of a perpetrator." Payne v. Jefferson Parish Sheriff's Department, 2014 WL 1154482, (E.D. La. 2014).

The Supreme Court has also recognized that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 93 S.Ct. 1146, 1149 (1973). Accordingly, an alleged sexual assault victim who complained a district attorney failed to investigate the alleged perpetrator's responsibility for the crime lacked standing for action against the District Attorney. Lefebure v. D'Aquilla, 987 F.3d 446 (5th Cir.2021). A prisoner who complained that a sheriff did not file criminal charges against guards who beat him failed to state an actionable claim. Oliver v. Collins, 914 F.2d 56, 60 (5th Cir. 1990). See also Lewis v. Jindal, 368 Fed. Appx. 613, 614 (5th Cir. 2010) ("It is well-settled that the decision whether to file criminal charges against an individual lies within the prosecutor's discretion, and private citizens do not have a constitutional right to compel criminal prosecution.").

Accordingly, Plaintiff's claims should be dismissed as frivolous and for failure to state a claim.

## CONCLUSION

Because Plaintiff filed this proceeding in forma pauperis ("IFP"), if this court finds Plaintiff's complaint to be frivolous, it may dismiss the complaint as such at any time,

before or after service of process, and before or after answers have been filed. See 28 U.S.C. § 1915(e); Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985). District courts are vested with extremely broad discretion in making a determination of whether an IFP proceeding is frivolous and may dismiss a claim as frivolous if the IFP complaint lacks an arguable basis either in law or in fact. See Hicks v. Garner, 69 F.3d 22 (5th Cir. 1995); Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993); Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Accordingly;

**IT IS RECOMMENDED** that Plaintiff's civil rights claims seeking monetary damages for his allegedly unconstitutional convictions, sentences, and revocations be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e) until such time as the Heck conditions are met. **IT IS FURTHER RECOMMENDED** that Plaintiff's remaining civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous under 28 U.S.C. § 1915(e). **IT IS FURTHER RECOMMENDED** that this action—insofar as it seeks the dismissal of the criminal convictions, sentences, and revocations and his immediate release—be **DISMISSED** for failing to state a claim for which relief may be granted pursuant to Section 1983.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an

extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, on this 11th day of March, 2021.

Mark L. Hornsby
U.S. Magistrate Judge